# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOESPH THOMAS,<br><br>        Plaintiff,<br><br>      v.<br><br>TRANS UNION, LLC and CINGULAR WIRELESS,<br><br>        Defendants. | CIVIL ACTION<br><br>No. 02-4586 |

## ORDER

**AND NOW**, this _____ day of _____, 2002, upon consideration of the Motion to Dismiss of Defendant Cingular Wireless, and all responses and replies thereto, it is hereby **ORDERED** that said motion is **GRANTED** and all claims against Defendant Cingular Wireless are **DISMISSED WITH PREJUDICE**.

_____<br>
Hon. Petrese B. Tucker, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOESPH THOMAS,<br><br>          Plaintiff,<br><br>    v.<br><br>TRANS UNION, LLC and CINGULAR WIRELESS,<br><br>          Defendants. | CIVIL ACTION<br><br>No. 02-4586 |

## MOTION TO DISMISS OF DEFENDANT CINGULAR WIRELESS

### I. BACKGROUND

Based solely on the allegations of the Complaint, Plaintiff is the victim of identity fraud. He alleges that a third party appropriated his identity and opened accounts under his name with Cingular Wireless ("Cingular"). Cingular, he alleges, furnished information about the payment history and status of those accounts to one or more consumer reporting agencies, such as Trans Union, LLC ("Trans Union"). Plaintiff's credit rating was affected, he alleges, and Plaintiff believes he has suffered pecuniary and emotional damages as a result. Accordingly, Plaintiff has sued both Trans Union and Cingular—not the third party that fraudulently appropriated his identity in the first place.

Plaintiff filed his Complaint on July 10, 2002. His Complaint asserts claims against Cingular for defamation, negligence, false light, and for violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("CPL"), 73 P.S. § 201.1 et seq., and the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Because Plaintiff's state law

claims against Cingular are preempted and Plaintiff lacks standing to sue Cingular under the FCRA, Cingular files this Motion to Dismiss.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). A complaint may be dismissed for failure to state a claim upon which relief may be granted if the facts pleaded, and reasonable inferences drawn therefrom, are legally insufficient to support the relief requested. Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988). Accordingly, a court may dismiss a complaint if the facts alleged would not entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## III. DISCUSSION

Plaintiff asserts both state law claims and federal claims. Plaintiff's state claims include defamation, false light invasion of privacy, and violation of Pennsylvania's CPL. Plaintiff's federal claim is an alleged violation of the FCRA, which regulates the relationship between consumers, consumer reporting agencies and the parties, like Cingular, that simply furnish information about consumers to consumer reporting agencies. As discussed below, none of these claims may be maintained against Cingular. First, Plaintiff's state law claims are preempted by the FCRA, which expressly prohibits the states from regulating the liability of parties that merely furnish information to consumer reporting agencies. Second, the Plaintiff lacks standing to pursue a claim against Cingular under the FCRA. Accordingly, Defendant's Motion to Dismiss should be granted, and Plaintiff's Complaint should be dismissed.

**A.     Plaintiff's State Law Claims Are Preempted by the FCRA.**

Plaintiff's state law claims are preempted by the FCRA, which exclusively regulates the activities of companies, like Cingular, that merely furnish information about consumers to consumer reporting agencies. The doctrine of preemption stems from the constitutional guarantee that federal law is the supreme law of the land. *See* U.S. Const. art. VI, § 2. Congress, therefore, can expressly preempt state law in a given field if it so chooses. *See, e.g.*, *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 382 (1992). When it does, federal preemption extends not only to state laws and regulations, but also to state court adjudication of common law causes of action. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Committee,* 531 U.S. 341, 346 (2001); *Geier v. American Honda Motor Co.*, 529 U.S. 861, 867 (2000). State tort suits are preempted for the same reason as state laws and regulations:

> The effects of the state agency regulation and the state tort suit are identical. To distinguish between them for pre-emption purposes would grant greater power (to set state standards "different from, or in addition to," federal standards) to a single state jury than to state officials acting through state administrative or legislative lawmaking processes. Where Congress likely did not focus specifically upon the matter, I would not take it to have intended this anomalous result.

*Medtronic Inc. v. Lohr,* 518 U.S. 470, 504 (1996) (Breyer, J. concurring); *see also Cipollone v. Liggett Group*, 505 U.S. 504, 521 (1992) ("[R]egulation can be as effectively exerted through an award of damages as through some form of preventive relief. The obligation to pay compensation can be, indeed is designed to be, a potent method of governing conduct and controlling policy.").

The FCRA expressly preempts—and thus, prohibits—the state causes of action alleged by Plaintiff. Section 1681t of the FCRA is entitled "Relation to State laws." 15 U.S.C. § 1681t. That Section establishes the general preemptive effect of the FCRA, stating that state laws are

preempted "to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency." *Id.* § 1681t(a). Thus, the FCRA generally preempts any state regulation, law or liability that is inconsistent with the FCRA. *Id.* Certain areas of the FCRA, however, have even greater preemptive effect. Subsection (b) of § 1681t provides that:

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . [15 U.S.C. § 1681s-2], relating to the responsibilities of persons who furnish information to consumer reporting agencies. . . .

*Id.* § 1681t(b)(1)(F).[1] Thus, no state may impose ***any*** requirement or prohibition—irrespective of consistency with the FCRA—that relates to the responsibilities of furnishers of information. *See id.*; *see also Sehl v. Safari Motor Coaches, Inc.*, No. C 01-1750 S1, 2001 U.S. Dist. LEXIS 12638, at *18 (N.D. Cal. Aug. 10, 2001) ("Therefore, states cannot regulate any subject matter relating to § 1681s-2 even if it is consistent with the FCRA. . . ."). Such regulations are reserved exclusively for the federal government. *Id.*

Plaintiff's state law causes of action are preempted because they seek to impose liability on Cingular for actions performed in connection with its duties as a furnisher of information. This very issue has been considered and resolved in Cingular's favor by this Court. In *Jaramillo v. Experian Information Solutions, Inc.*, 155 F. Supp. 2d 356 (E.D. Pa. 2001), the plaintiff alleged violations of the FCRA and Pennsylvania's CPL, as well as defamation, and tortious interference with contractual relations. Relying on § 1681t(b)(1)(F), the *Jaramillo* court dismissed the plaintiff's CPL, defamation and tortious interference claims because they were "inconsistent with the FCRA." *Id.* at 361-62. The court reasoned that:

---

[1] That provision even goes so far as to list two state laws—those of Massachusetts and California—that are not preempted by the FCRA. 15 U.S.C. § 1681t(b)(1)(F). This bolsters the argument that Congress intended other state laws on this topic to be preempted by the FCRA.

> [I]t is clear from the face of section 1681t(b)(1)(F) that Congress wanted to eliminate all state causes of action "relating to the responsibilities of persons who furnish information to consumer reporting agencies." Any other interpretation would fly in the face of the plain meaning of the statute.
>
> . . . .
>
> . . . The plain language of § 1681t(b)(1)(F) clearly eliminated all state causes of action against furnishers of information. . . .

*Id.* The well-reasoned holding of *Jaramillo* is in accordance with that of other federal courts. *See, e.g.*, *Hasvold v. First USA Bank, N.A.*, 194 F. Supp. 2d 1228, 1238-39 (D. Wyo. 2002) (citing *Jaramillo* and stating that "federal law under the FCRA preempts plaintiff's claims against the defendant relating to it as a furnisher of information"); *id.* at 1234 (finding that § 1681t(b)(1)(F) "prohibits the state from regulating the furnishing of information to consumer protection agencies"); *Quigley v. Pennsylvania Higher Ed. Assistance Agency*, No. C 00-1661 CRB, 2000 U.S. Dist. LEXIS 19847, at *8-9 (N.D. Cal. Nov. 9, 2000) ("Thus, based on a plain reading of the FCRA, any private right of action under the California Civil Code based on the wrongful acts of a 'furnisher of information' is preempted by the FCRA. This conclusion is consistent with the expressed intent of Congress to have the conduct of furnishers of information regulated exclusively by governmental entities."); *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 502-03 (W.D. Tenn. 1999) (finding that § 1681t(b)(1)(F) preempted action under Tennessee's Consumer Protection Act because "it relates to the subject matter of §§ 1681s-2(a) & (c). . . .").

Plaintiff might contend that his defamation claim should survive this Motion because of the provisions of § 1681h(e). Plaintiff would be incorrect. Indeed, that very argument was advanced—and rejected—by the *Jaramillo* court. Section 1681h(e) provides as follows:

> Except as provided in sections [1681n and 1681o], no consumer may bring any action or proceeding in the nature of defamation,

> invasion of privacy, or negligence with respect to the reporting of
> information against any consumer reporting agency, any user of
> information, or any person who furnishes information to a
> consumer reporting agency, based on information disclosed
> pursuant to section [1681g, 1681h, or 1681m], or based on
> information disclosed by a user of a consumer report to or for a
> consumer against whom the user has taken adverse action, based in
> whole or in part on the report except as to false information
> furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). This provision of the FCRA, which applies generally to consumer reporting agencies, users and furnishers of information, is decades old. Section 1681t(b)(1)(F), which deals exclusively with the liability of furnishers of information, was recently enacted in 1996. *See Jaramillo*, 155 F. Supp. 2d at 361. The *Jaramillo* court therefore found that provision in § 1681h(e) for "malicious" or "willful" conduct should not be read as an exception to the broad preemption expressly provided in § 1681t(b)(1)(F). To the contrary, the *Jaramillo* court held that § 1681t(b)(1)(F) evidences a congressional intent to completely preempt causes of action—including defamation actions—against furnishers of information. *Id.* at 361-62. The court reasoned that:

> While Congress did not specifically provide in the 1997
> amendments that section 1681t supercedes 1681h, it is clear from
> the face of section 1681t(b)(1)(F) that Congress wanted to
> eliminate all state causes of action "relating to the responsibilities
> of persons who furnish information to consumer reporting
> agencies." Any other interpretation would fly in the face of the
> plain meaning of the statute.

*Id.* at 361-62; *see also Hasvold*, 194 F. Supp. 2d at 1238-39 (finding that plaintiff's state law claims against furnisher of information, which included defamation and libel, were preempted by FCRA).[2]

---

[2]   The *Jaramillo* court later reinstated the plaintiff's defamation claim without written opinion, likely because the preemption of the defamation claim had not been briefed by the
(continued…)

Counsel for Plaintiff, who specializes in this area of the law, is well aware that these claims are preempted by the FCRA. Indeed, Plaintiff's counsel represented the plaintiff in *Jaramillo*. Moreover, in the wake of the *Jaramillo* decision, Plaintiff's counsel voluntarily dismissed the very same causes of action—including a defamation claim—in another action pending in this Court. *See Sullivan v. Equifax, Inc.*, No. 01-4336, 2002 U.S. Dist. LEXIS 7884, at *4 n.2 (E.D. Pa. Apr. 19, 2002) ("the plaintiff has agreed to withdraw her claims for defamation, tortious interference, and violation of Pennsylvania's consumer protection laws. . . ."). It is clear, then, that this Court should dismiss all of Plaintiff's state law claims.

B.   **Plaintiff Has No Private Right of Action Against Cingular Under the FCRA.**

Plaintiff also alleges that Cingular has violated the FCRA. Plaintiff lacks standing, however, to sue Cingular under the provisions of the FCRA on which he relies.

Under the FCRA, a person will be liable if that person either willfully or negligently violates a provision of the FCRA. *See* 15 U.S.C. §§ 1681n(a) (willful failures to comply), 1681o(a) (negligent failures to comply). The FCRA places obligations on three distinct types of entities involved in consumer credit: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. Plaintiff correctly concedes that Cingular is simply a "furnisher of information" under the FCRA and therefore

---

(..continued)
litigants. *See Jaramillo*, 155 F. Supp. 2d at 362 (noting that defendant had not briefed preemption of defamation claim); *Jaramillo v. Experian Info. Solutions, Inc.*, No. 00-CV-5876, 2001 U.S. Dist. LEXIS 10221, at *1 (E.D. Pa. June 20, 2001) (reinstating defamation claim). Nevertheless, the court's reasoning concerning the preemption of the plaintiff's state law causes of action—including the defamation claim—is persuasive and has informed other courts' resolution of this precise issue. *See, e.g., Hasvold*, 194 F. Supp. 2d at 1238-39 (noting that
(continued…)

alleges that Cingular has violated § 1681s-2 of the FCRA. *See* Pl.'s Compl. ¶ 34.[3] Under § 1681s-2, furnishers of information have two distinct duties: (1) the duty to provide accurate information pursuant to subsection (a); and (2) the duty to undertake an investigation, upon receipt of notice of dispute from a consumer reporting agency, pursuant to subsection (b). *See id.* Plaintiff, conceding that he cannot maintain a cause of action under subsection (a), hangs his hat instead on subsection (b).[4] *See* Pl.'s Compl. ¶ 34.

Plaintiff's Complaint fails to state a claim for relief under subsection (b) of § 1681s-2 of the FCRA because Plaintiff, a consumer, lacks standing to sue under that provision. *See Carney*, 57 F. Supp. 2d at 502; *see also DiGianni v. Stern's*, 26 F.3d 346, 349 (1994). No court in this Circuit has yet to address this issue squarely. *See, e.g.*, *Jaramillo*, 155 F. Supp. 2d at 363-64 (suggesting that § 1681s-2(d)'s limitation of remedies for violations of subsection (a) might also extend to subsection (b)); *Sullivan*, 2002 U.S. Dist. LEXIS at *8 n.5 (electing not to decide whether consumer has private right of action under § 1681s-2(b)). Nevertheless, the courts that have found that consumers have no private right of action under subsection (b) have reached the correct conclusion:

---

(..continued)
*Jaramillo* court had granted partial reconsideration, but nonetheless adopting its reasoning and dismissing state law causes of action, including defamation claim).

[3] "[P]laintiff's quarrel . . . is that credit was actually extended in his name without his permission as a result of fraud and that defendants, after being informed of the fraud, continued to report this as plaintiff's debt. . . . Although the term 'furnisher of information' is not defined within the FCRA, common sense dictates that the term would encompass an entity . . . which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies. . . ." *Carney*, 57 F. Supp. 2d at 501.

[4] Plaintiff cannot seek to impose liability under subsection (a) of § 1681s-2 because the FCRA expressly limits enforcement of subsection (a) to certain federal and state officers, and explicitly provides that civil remedies are not available for violations of subsection (a). *See* 15

(continued…)

> The duties described in subsection (b) of § 1681s-2 are triggered only upon notice received from a consumer reporting agency, not the consumer, and ***appear to exist solely for the benefit of consumer reporting agencies which face liability under the remainder of the FCRA to the consumer for erroneous and inaccurate reporting***. "Consumer reporting agencies naturally depend on suppliers of credit to furnish them with credit information. It is the consumer reporting agency that is charged with assuring the accuracy, confidentiality and proper dissemination of this information, however." *DiGianni*, 26 F.3d at 349. Consequently, the statutorily created obligation imposed on a furnisher of information is owed only to the consumer reporting agency not to the consumer, and an individual such as plaintiff cannot state a claim under 15 U.S.C. § 1681s-2(b).

*Carney*, 57 F. Supp.2d at 502 (emphasis added). Even before the enactment of § 1681s-2 and its limitations of liability and enforcement contained in subsections (c) and (d), the United States Court of Appeals for the Second Circuit expressly held that "[i]t is the consumer reporting agency that is charged with assuring the accuracy, confidentiality and proper dissemination of this information, however. The FCRA does not impose obligations upon a creditor who merely passes along information concerning particular debts owed to it." *DiGianni*, 26 F.3d at 349; *see also Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F. Supp. 2d 1275, 1289 n.2 (M.D. Ala. 2001) (refusing to allow private right of action for consumer under § 1681s-2(b) and noting that "the plain language of the statute clearly provides that no private right of action exists for a violation under subsection (a)."); *Bacon v. Southwest Airlines Co.*, No. 3:97-2211-L, 1999 U.S. Dist. LEXIS 2907, at *3 (N.D. Tex. Mar. 5, 1999) (finding no private right of action against furnisher of information under FCRA).

---

(..continued)
U.S.C. §§ 1681s-2(d), 1681s-2(c); *see also Carney*, 57 F. Supp.2d at 502 (holding that individual plaintiff is "not the proper party to bring an action for enforcement of these obligations. . . .").

That consumers may not sue furnishers of information under subsection (b) makes perfect sense. Plaintiff, for example, seeks to impose liability on Cingular under §§ 1681n and 1681o(a) for a violation of § 1681s-2(b). Both of those Sections of the FCRA only establish liability for failure to comply with the requirements that the FCRA has set forth "with respect to any consumer." 15 U.S.C. §§ 1681n, 1681o. Section 1681s-2(b) does not, however, establish a requirement "with respect to any consumer." Instead, § 1681s-2(b), which is entitled "Responsibilities of furnishers of information *to consumer reporting agencies*," simply imposes on furnishers of information a duty to assist consumer reporting agencies in fulfilling their duties under the FCRA. *See* 15 U.S.C. § 1681s-2 (emphasis added). As is explained at length above, subsection (b) of § 1681s-2 requires furnishers of information to perform certain acts—conducting an investigation, reviewing information, reporting to consumer reporting agencies—for the sole benefit of the consumer reporting agencies. *See id.* § 1681-2(b)(A)-(D). All of these duties inure to the benefit of consumer reporting agencies, not consumers. Simply put, the duties and requirements established by § 1681s-2(b) are for consumer reporting agencies, not "with respect to any consumer." *See Carney*, 57 F. Supp.2d at 502 ("The duties described in subsection (b) of § 1681s-2 . . . exist solely for the benefit of consumer reporting agencies which face liability under the remainder of the FCRA to the consumer for erroneous and inaccurate reporting."); *see also DiGianni*, 26 F.3d at 349.

Plaintiff is an individual consumer, not a consumer reporting agency. As such, he has no private right of action under subsection (b) of § 1681s-2. Instead, Plaintiff should seek his remedies either from the reporting agencies as required by the statute or from the real culprit in this case—the third party that fraudulently appropriated his identity. Permitting these claims against Cingular to proceed would not only flout congressional intent, but would in fact chill the

free flow of communication from furnishers of information to consumer reporting agencies. Because Plaintiff lacks standing to bring his FCRA claim against Cingular, this claim should also be dismissed with prejudice.

### IV.  CONCLUSION

For the foregoing reasons, Defendant Cingular Wireless respectfully requests that the Court dismiss Plaintiff's Complaint as to it, with prejudice.

Dated: September 10, 2002

                                                                                                  _____
Seamus C. Duffy, Esquire
Identification No. 52501
Michael P. Daly, Esq.
Identification No. 86103
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700

Attorneys for Defendant
Cingular Wireless

## CERTIFICATE OF SERVICE

I, Michael P. Daly, do hereby certify that, on the date set forth below, I served true and correct copies of the foregoing Motion to Dismiss and accompanying Memorandum of Law via first class mail, postage prepaid, upon counsel of record as follows:

>Mark D. Mailman, Esquire
>Francis & Mailman, P.C.
>Land Title Building, 19th Floor
>100 South Broad St.
>Philadelphia, PA 19110
>*Counsel for Plaintiff Joseph Thomas*
>
>Timothy P. Creech, Esquire
>Bruce S. Luckman, Esquire
>Satzberg, Trichon, Kogan & Wertheimer, P.C.
>1818 Market St., 30th Floor
>Philadelphia, PA 19103-3699
>*Counsel for Defendant Trans Union, L.L.C.*

Dated: September 10, 2002

Michael P. Daly