**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JOSEPH THOMAS

                                    Plaintiff,          C.A. NO: 02-CV-4586

          v.

TRANS UNION LLC and
CINGULAR WIRELESS

                                    Defendant.

**TRANS UNION LLC'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, states as follows in support of its motion for summary judgment:

## I.     INTRODUCTION

Plaintiff commenced this action on July 10, 2003 against Trans Union, a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (the "FCRA"). Plaintiff asserts Trans Union reported inaccurate information relating to Cingular Wireless, United Compucred, and Franklin Collection Service, Inc.  Complaint ¶8.

Plaintiff alleges that Trans Union willfully and negligently violated the FCRA.  Complaint Count One.   In particular, Plaintiff alleges that Trans Union violated FCRA §1681i (the duty to reinvestigate disputes) and FCRA §1681e(b) (the duty to follow reasonable procedures to assure maximum possible accuracy).  Complaint, Count One.  Plaintiff also alleges a state law defamation claim against Trans Union.  Complaint, Count Three.  Plaintiff alleges Trans Union violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 *et seq.* (the "PA CPL") Complaint, Count Five.  Plaintiff also alleges common law negligence and invasion of privacy/false light.  Complaint, Counts Six and Eight, respectively.

Plaintiff's claim fails because 1) he presented no evidence to support his claim that any of the above-referenced information was, in fact, inaccurate; and 2) within 30 days of receipt of disputes of any account about which Plaintiff complains, Trans Union deleted the information from Plaintiff's file. *See* Trans Union's Statement of Uncontested Facts and Exhibits. Accordingly, Trans Union is entitled to summary judgment on Plaintiff's claims.

In addition, there is no evidence Plaintiff suffered harm as a result of Trans Union's allegedly inaccurate reporting. There is no evidence Trans Union willfully violated the FCRA and thus Trans Union is entitled to summary judgment on Plaintiff's punitive damages claims. There is no evidence Trans Union acted with malice or willful intent to injure Plaintiff and thus Trans Union is entitled to summary judgment on Plaintiff's negligence and invasion of privacy claims. Finally, Plaintiff's PA CPL claims fail because he has failed to state a cause of action under that statute.

## II.    ARGUMENT

### A.    <u>The Standard for Summary Judgment</u>

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper:

> If the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), the United States Supreme Court defined the standard for summary judgment set forth in Rule 56(c):

> ...the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. 106 S. Ct. at 2552-53.

2

As cogently explained in <u>Celotex Corp.</u>, the absence of an issue of material fact can be demonstrated by an absence of evidence on such issue:

> [T]he burden on the moving party may be discharged by "showing" - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case. 106 S. Ct. at 2554.

As demonstrated below, there is no genuine issue of material fact. There is no evidence Trans Union reported inaccurate information. There is no evidence Trans Union's reporting of inaccurate information caused Plaintiff harm. Trans Union deleted all disputed accounts from Plaintiff's file within 30 days of receipt of the dispute, in accordance with the FCRA. *See* Trans Union's Statement of Uncontested Facts and Exhibits. Plaintiff cannot demonstrate Trans Union willfully violated the FCRA, much less that Trans Union acted with malice or willful intent to injure Plaintiff, and Trans Union is therefore entitled to summary judgment on Plaintiff's punitive damages claims, and claims of negligence and invasion of privacy.

### B. Plaintiff Cannot Establish a §1681e(b) Claim.

The elements of an FCRA claim are well established.

> (1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry.

<u>Philbin v. Trans Union Corp.</u>, 101 F.3d 957, 963 (3rd Cir. 1996). *See also* <u>Whelan v. Trans Union Credit Reporting Agency</u>, 862 F. Supp. 824, 829 (E.D. NY 1994); <u>Cahlin v. General Motors Acceptance Corp.</u>, 936 F.2d 1151, 1160-1161 (11th Cir. 1991); <u>Morris v. Credit Bureau of Cincinnati, Inc.</u>, 563 F. Supp. 962, 967 (S.D. Ohio 1983); <u>Bryant v. TRW, Inc.</u>, 487 F. Supp. 1234, 1238 (E.D. Mich. 1980), *aff'd*, 689 F.2d 72 (6th Cir. 1982).

3

1.    **Plaintiff Cannot Demonstrate Trans Union Reported Inaccurate Information.**

The most fundamental element of a §1681e(b) claim is whether the reported information is *in*accurate:

> The Court … does not need to reach the issue of reasonableness if it finds initially that the report furnished was accurate. Todd v. Associated Credit Bureau Servs., 451 F.Supp. 447 (E.D. PA 1977) *Aff'd* 578 F.2d 1376 (3rd Cir. 1978); *cert den*. 439 U.S. 1068, 59 L. Ed. 2d 33, 99 S.Ct. 834 (1979).

This FCRA axiom is supported by every Court which has addressed this issue.  Spence v. TRW, Inc., 92 F.3d 380, 382 (6th Cir. 1996) ("[a] showing of inaccuracy is an essential element of a claim under the Fair Credit Reporting Act."); *see also* Dalton v. Capital Associated Industries, Inc., 257 F.3d.409, 415 (4th Cir. 2001.);  Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994); Cahlin, *supra*,  936 F.2d at 1156; Whelan, *supra* 862 F.Supp at 829 ("if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary").

In the instant matter, Plaintiff has failed to disclose evidence to support his assertion that Trans Union reported inaccurate information.[1]  Accordingly, Trans Union is entitled to summary judgment on Plaintiff's §1681e(b) claim.

2.    **Prior to Notice of Allegedly Inaccurate Information, Trans Union Was Entitled as a Matter of Law to Report It.**

---

1    The fact that Trans Union deleted the disputed information does not establish the information was inaccurate. The information may have been "unverifiable" or deleted for other reasons.  *See* discussion of §1681i, *infra*.

The Third Circuit in <u>Cushman v. Trans Union Corp.</u>, 115 F.3d 220 (3rd Cir. 1997) held that prior to notice that a particular item on its consumer file is inaccurate, a consumer reporting agency has no duty to investigate the accuracy of that information:

> Thus, we can assume that absent any indication that the information is inaccurate, the [FCRA] does not mandate such an investigation. However, as the <u>Henson</u> [cited *supra*] court explained, once a claimed inaccuracy is pinpointed, ***a consumer reporting agency conducting further investigation incurs only the cost of reinvestigating that one piece of disputed information***. 115 F.3d at 225 (emphasis supplied.)

Thus, because Trans Union deleted each item of information upon receipt of a dispute of that item, Trans Union did not report any information for which it had notice of an inaccuracy. *See* Trans Union's Statement of Uncontested Facts and Exhibits. Accordingly, Trans Union is entitled to summary judgment on Plaintiff's claims.

### 3.    Plaintiff Has Failed to Present Evidence that the Allegedly Inaccurate Information Caused Plaintiff Harm.

Plaintiff failed to show any evidence that an allegedly inaccurate consumer report caused Plaintiff harm. As the Eleventh Circuit held in <u>Cahlin</u> *supra*:

> We need not reach the substance of Cahlin's FCRA claims against TRW because we find that he has utterly failed to produce any evidence tending to show that he was damaged as a result of an allegedly inaccurate TRW credit report. Fed.R.Civ.P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."
>
> *        *        *        *
>
> We stress that [plaintiff] had the affirmative duty of coming forward with evidence supporting his claim that [the consumer reporting agencies] alleged inaccurate report caused him harm. 936 F.2d at1160-1161

As the Court in <u>Philbin</u> held:

> We hasten to add that the burden of proving causation remains with
> the plaintiff at all times and never shifts to the defendant.  101 F.3d
> at 970.

Because Plaintiff has identified no creditor which denied him credit, no favorable rate

Plaintiff failed to obtain, no higher rate he was forced to accept, no denial of insurance or

employment, or that any adverse action was taken against him, Plaintiff cannot meet his burden to

prove causation of harm.  This is especially true about credit information which was disputed; it was

deleted within 30 days as required by §1681i.  *see infra.*

### C.    Plaintiff Cannot Establish a §1681i Claim.

FCRA §1681i(a)(1) provides:

> **(A) In general.**--If the completeness or accuracy of any item of
> information contained in a consumer's file at a consumer reporting
> agency is disputed by the consumer and the consumer notifies the
> agency directly of such dispute, the agency shall reinvestigate free of
> charge and record the current status of the disputed information, or
> delete the item from the file in accordance with paragraph (5), before
> the end of the 30-day period beginning on the date on which the
> agency receives the notice of the dispute from the consumer.

In the instant matter, Trans Union complied with the above.  Within thirty days of receipt of

each item Plaintiff disputed, Trans Union deleted the information from Plaintiff's file.  Accordingly,

Trans Union is entitled to summary judgment on Plaintiff's §1681i claim.

### D.    Plaintiff Cannot Present Evidence Sufficient to Sustain His Punitive Damages Claims.

Plaintiff has presented no evidence to support his claim of a willful violation of the FCRA.

As such, Plaintiff cannot recover punitive damages.  Trans Union responded to every dispute

communication and disclosed all information to Plaintiff.  *See* Trans Union's Statement of

6

Uncontested Facts and Exhibits. There was no misrepresentation or concealment. Moreover, the disputed information was deleted within 30 days of receipt of the dispute. *Id.*

In order to recover punitive damages, a consumer must demonstrate that the consumer reporting agency willfully violated the FCRA. §1681n. As stated in <u>Cushman v. Trans Union Corp.</u>, 115 F.3d 220 (3rd Cir. 1996),

> To show willful noncompliance with the FCRA**,** [the consumer] must show that [the consumer reporting agency] 'knowingly and intentionally committed an act in conscious disregard for the rights of others...' 115 F.3d at 226 (*citing* <u>Philbin v. Trans Union Corp.</u>, 101 F.3d 957, 970 (3rd Cir. 1996.)

The <u>Cushman</u> Court further held that:

> to justify an award of punitive damages, a defendant's actions must be on the same order as willful concealments or misrepresentations. If [the consumer] can prove... that [the defendant] adopted its reinvestigation policy either knowing that policy to be in contravention of the rights possessed by consumers pursuant to the FCRA or in reckless disregard of whether the policy contravened those rights, [he or] she may be awarded punitive damages.

Virtually every court of appeals has required evidence of a willful concealment or misrepresentation to establish FCRA punitive damages. *See* <u>Cousin v. Trans Union Corp.</u>, 246 F.3d 359 (5th Cir. 2001); <u>Casella v. Equifax Credit Reporting Services</u>, 56 F.3d 469 (2nd Cir. 1995), *cert denied* 116 S.Ct. 1452, 134 L.Ed.2d 571 (1996); <u>Stevenson v. TRW, Inc.</u>, 987 F.2d 288 (5th Cir.1993); <u>Dalton v. Capital Associated Industries, Inc.</u>, 257 F.3d.409 (4th Cir. 2001).

In <u>Philbin</u>, *supra,* the Plaintiff, James R. Philbin, Jr., had a tax lien on his consumer report which actually belonged to Plaintiff's father, James R. Philbin, Sr. 101 F.3d at 960. The plaintiff notified the defendant of the error several times, and the defendant failed to correct it. 101 F.3d at 970. At one point in time, the information was corrected, but reappeared, and when the plaintiff

notified the defendant of this, the defendant failed to correct the error.  Id.  The Court, reviewing

these facts, held that "[t]his, however, falls short of evidence of a willful violation."  Id.

Here, Plaintiff's claims are far weaker than the facts in Philbin.  Trans Union responded to

each dispute and informed Plaintiff of the results of each reinvestigation.  Trans Union deleted all

disputed credit information within 30 days of receipt of the disputes, and notified Plaintiff of the

results of the reinvestigation.  *See* Trans Union's Statement of Uncontested Facts and Exhibits.

Nothing about Trans Union's actions in the handling of any of the above can be construed to be on

the same order as willful concealments or misrepresentations in violation of Plaintiff's FCRA rights.

Accordingly, Plaintiff cannot sustain a claim for punitive damages under the FCRA.

### E.    Plaintiff's Common Law Negligence and Invasion of Privacy/False Light Claims Fail Because He Cannot Overcome Trans Union's FCRA Qualified Immunity.

Trans Union is entitled to a qualified immunity under the FCRA, §1681h(e), which states in

pertinent part:

> (e) Limitation of liability.  Except as provided in sections 616 and 617 [§§1681n and 1681o], no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency... except as to false information furnished with malice or willful intent to injure such consumer.

(*See* Thornton v. Equifax, Inc., 619 F.2d 700, 703 (8th Cir.1980), *cert. denied*, 449 U.S. 835 (1980);

Bloom v. I.C. Systems, Inc., 972 F.2d 1067, 1069 (2nd Cir. 1992); Cousin v. Trans Union Corp., 246

F.3d 359, 375-376 (5th Cir. 2001). As set forth in Thornton, *supra*,

> Section 1681h(e) is recognized as providing qualified immunity for consumer reporting agencies with an exception from such qualified immunity being made for actions pursuant to sections 1681n and 1681o....  **Such an exception was not meant to lessen the standard**

8

**necessary to overcome this qualified immunity in <u>defamation</u> actions.** (<u>emphasis</u> in original) (**Bold** supplied) 619 F.2d at 703

A plaintiff who cannot prove willfulness to establish an §1681n action cannot meet the higher burden under §1681h(e) to bring a state law cause of action for claims in the nature of defamation, invasion of privacy, or negligence.  Thus, Trans Union is entitled to summary judgment on Plaintiff's claims of negligence and invasion of privacy/false light.

F.    **Plaintiff's Pennsylvania Unfair Trade Practices and Consumer Protection Law   Claims Fail Because Such Claims Are Preempted             by                 the                 FCRA.**

Plaintiff asserts that §1681s provides that a violation of the FCRA constitutes a violation of PA CPL.  Complaint ¶42.  This is simply not so. §1681s(a)(1) states, in pertinent part:

> **For the purpose of the exercise by the Federal Trade Commission of its functions and powers under the Federal Trade Commission Act**, a violation of any requirement or prohibition imposed under this subchapter shall constitute an unfair or deceptive act or practice in commerce in violation of section 5(a) of the Federal Trade Commission Act [15 U.S.C. 45(a)] and shall be subject to enforcement by the Federal Trade Commission under section 5(b) thereof [15 U.S.C. 45(b)] with respect to any consumer reporting agency or person subject to enforcement by the Federal Trade Commission pursuant to this subsection, irrespective of whether that person is engaged in commerce or meets any other jurisdictional tests in the Federal Trade Commission Act. (emphasis supplied.)

The language of that provision does not create a state law claim or other private right of action.  As §1681s provides, the broad enforcement provisions of the Federal Trade Commission Act are reserved exclusively for the FTC.  There is absolutely no mention of the PA CPL, any state consumer protection law, or any private cause of action. §1681s is for *administrative enforcement*. For example, the FCRA reserves injunctive relief to actions brought by the FTC or States; consumers do not have a right to such relief.  *See* <u>Washington v. CSC Credit Services,. Inc.</u>, 199

9

F.3d 263, 268-269 (5th Cir. 2000). The FCRA specifically creates a narrower private cause of action for consumers which is limited to the recovery of damages. §§1681n and o.

In the alternative, in Jaramillo v. Experian Info. Solutions, Inc., 155 F.Supp.2d 356, 362 (E.D. PA 2001) *recon. granted on other grounds*, 2001 U.S. Dist. Lexis 10221, the Court held that PA CPL claims against a furnisher of information are barred by §1681t(b)(1)(F) which regulates the responsibilities of furnishers of information.  The same holds true for Plaintiff's §1681i claims.

FCRA §1681t(b)(1)(B) and (E) state that "no requirement or prohibition may be imposed under the laws of any state... with respect to any subject matter regulated under...":

> **(B) section 1681i** of this title, relating to the time by which a consumer reporting agency must take any action, including the provision of notification to a consumer or other person, **in any procedure related to the disputed accuracy of information in a consumer's file**, except that this subparagraph shall not apply to any State law in effect on September 30, 1996;
>
> **(E)** section 1681c of this title, **relating to information contained in consumer reports**, except that this subparagraph shall not apply to any State law in effect on September 30, 1996; (Emphasis supplied).

Finally, even if such claim is not preempted, Plaintiff cannot show that Trans Union's actions constituted an "unfair trade practice" as defined by 73 P.S. §201-2(4).  This is a case of first impression; no court has ruled whether the PA CPL applies to consumer reporting agencies.  Using the Federal Trade Commission Act and Lanham Act as a guide (*see*  Commonwealth of Pennsylvania by Creamer v. Monumental Properties, Inc., 329 A.2d 812, 818-819 (PA Com. 1974)), the remedies of the FCRA are limited to consumers under §1681n and §1681o.  *See* §1681s, quoted *supra*.  Accordingly, a violation of the FCRA does not constitute a violation of the PA CPL.

Accordingly, Plaintiff's claims relating to the reinvestigation, the contents of consumer reports, and the contents of disclosures provided to Plaintiff are preempted by the FCRA. Therefore, Trans Union is entitled to summary judgment on Plaintiff's PA CPL claims.

## III.    CONCLUSION

For all the above reasons and authorities, Defendant Trans Union LLC respectfully moves this Court to enter summary judgment in its favor, and to dismiss Plaintiff's claims with prejudice.

Respectfully Submitted,

_____
BRUCE S. LUCKMAN          (38636)
TIMOTHY P. CREECH          (81728)

SATZBERG, TRICHON,
   KOGAN & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
bluckman@mstkw.com tcreech@mstkw.com

*Attorneys for Defendant,*
*Trans Union LLC*

DATED:        March 27, 2003